**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| DELMAS KISNER, *individually and as personal representative of the estate of Jo Ann Kisner*, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MEDTRONIC, INC. and ERIC DARDOZZI, )<br>)<br>Defendants. )<br>_____) | No. 2:21-cv-01767-DCN<br><br>**ORDER** |

The following matter is before the court on plaintiff Delmas Kisner's ("Kisner") motion to remand, ECF No. 6, and defendant Medtronic Inc. ("Medtronic") and defendant Eric Dardozzi's ("Dardozzi") motions to dismiss, ECF Nos. 5, 9. For the reasons set forth below, the court grants the motion to remand. As a result, the court finds Medtronic and Dardozzi's (collectively, "defendants") motions to dismiss moot.

## I. BACKGROUND

This is a products liability case related to the death of Jo Ann Kisner (the "decedent"), whose estate is represented by Kisner. The decedent, who suffered from an osseous metastatic disease, underwent a surgical procedure at the Medical University of South Carolina ("MUSC") on January 9, 2020 to treat the disease. The surgery entailed using Medtronic's Kyphon Balloon Kyphoplasty device ("Kyphon Device") to insert balloons into the vertebrae, which are inflated to restore vertebral height and correct deformity. The newly formed cavity is then filled with polymethyl methacrylate, a cement agent. MUSC had purchased a Kyphon Device from Medtronic, which was used

1

in the decedent's procedure. According to Kisner, Medtronic manufactures both the Kyphon Device and the cement agent. ECF No. 1-3, Compl. ¶ 14.

During the decedent's procedure, the Kyphon Device allegedly malfunctioned, causing cement to be injected and to migrate into other parts of the decedent's body in an uncontrolled manner. When the surgeons noticed the extravasion along the decedent's spinal canal and epidural space, the procedure was immediately aborted. The decedent suffered neurological damage, left arm paresthesia, and severe pain and suffering. The incident is also alleged to have resulted in her untimely death.

Kisner filed a summons and complaint in the Charleston County Court of Common Pleas on May 12, 2021, alleging products liability under theories of strict liability, negligence, gross negligence, and recklessness; breach of warranty; and loss of consortium. See Compl. Kisner initially claimed that he served Dardozzi, an interventional therapy consultant for Medtronic, at his residence on June 5, 2021. ECF No. 6 at 1. However, Dardozzi stated he was out of the state on June 5, 2021 and could not have been served—declaring Kisner's affidavit of service, ECF No. 6-1, to be fraudulent. ECF No. 11 at 7 (citing ECF No. 11-1). On July 16, 2021, Kisner filed a supplemental memorandum in support of his motion to remand, where plaintiff's counsel admitted they learned "that a member of the firm's non-attorney staff fraudulently created the Affidavit of Service to make it appear that a process server had served Mr. Dardozzi on June 5, 2021. In reality, a different process server had Mr. Dardozzi served on June 22, 2021."[1] ECF No. 10 at 1.

---

[1] As the court noted at the hearing, the court takes this filing of a perjured affidavit very seriously and strongly urges all precautions be taken to avoid this in the future.

On June 11, 2021, Medtronic filed its notice of removal to this court.[2]  ECF No. 1.  On June 18, 2021, Medtronic filed its motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  ECF No. 5.  On July 2, Kisner filed his response in opposition, ECF No. 7, and Medtronic replied on July 9, ECF No. 8.  Dardozzi filed his motion to dismiss on July 13, 2021.  ECF No. 9.  On July 27, Kisner responded, ECF No. 14, and Dardozzi replied on August 3, ECF No. 16.  On July 2, 2021, Kisner filed his motion to remand to state court.  ECF No. 6.  On July 16, Kisner filed a supplemental memorandum to his motion to remand, in which his counsel alerted the court of their discovery of the fraudulent service.  ECF No. 10.  On the same day, defendants filed their response in opposition to Kisner's motion to remand, ECF No. 11, and on July 23, Kisner replied, ECF No. 13.  The court held a telephonic hearing on the motion to remand on September 16, 2021.  ECF No. 19.  As such, all motions have been fully briefed and are now ripe for review.

## II.  STANDARD

As the parties seeking to invoke the court's jurisdiction, defendants have the burden of proving jurisdiction upon motion to remand.  Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004) (citing Mulcahy v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994)).  In deciding the motion, the federal court should construe removal jurisdiction strictly in favor of state court jurisdiction.  Id.  "If federal jurisdiction is doubtful, a remand is necessary."  Mulcahy, 29 F.3d at 151 (citations omitted).

---

[2] While Dardozzi did not formally join the notice of removal, presumably because he had not been served at that point, defendants' counsel signed the notice of removal as attorneys for both Medtronic and Dardozzi.  ECF No. 1-4.

3

### III.  DISCUSSION

Because remand would moot the two motions to dismiss at issue, the court first addresses Kisner's motion to remand.  Finding remand warranted, the court finds the motions to dismiss moot, and it need not consider those motions.

### A.  Motion to Remand

Kisner moves for the court to remand this case to the Charleston County Court of Common Pleas, arguing that the court lacks diversity jurisdiction.  ECF No. 6.  According to Kisner, since Kisner and Dardozzi are both citizens of South Carolina, there is not complete diversity between the parties and thus there is no basis for federal jurisdiction.  Kisner contends that Dardozzi is a proper defendant because he was a "seller" for purposes of S.C. Code Ann. § 15-73-10, trained personnel, and maintained the Kyphon Device.  Id. at 4–5.  In response, defendants present two arguments.  First, defendants argue that Dardozzi was not properly joined and served when Medtronic sought removal.  ECF No. 11 at 7.  Second, defendants maintain that the court should disregard Dardozzi's citizenship for jurisdictional purposes under the doctrine of fraudulent joinder.

#### 1.  Service of Process

Due to the fraudulent service, Kisner withdrew his argument from the motion to remand that not all defendants who had been served at the time of removal joined in the notice of removal.  ECF No. 10 at 2.  Even so, defendants maintain that the court should deny a motion to remand where only a non-forum defendant had been served at the time of removal.  ECF No. 11 at 7.  There is a split in authority on this issue.  See Gentile v. Bigen Idec, Inc., 934 F. Supp. 2d 313, 316 (D. Mass. 2013) (collecting cases).  However,

4

as reflected in Wensil v. EI Dupont De Nemours & Co., 792 F. Supp. 447, 449 (D.S.C. 1992), courts in the District of South Carolina have held that the "properly joined and served" language in section 1441(b) plainly allows a non-forum defendant to remove a case before service upon a forum defendant. Therefore, the court finds Medtronic was permitted to remove the case because at the time of removal, Dardozzi, the non-diverse defendant, had not been properly served and complete diversity of the parties existed at the time.

Still, removal is not complete until the removing defendant provides written notice to all adverse parties and files a copy of the notice with the clerk of the state court. 28 U.S.C. § 1446(d). As such, if a forum defendant is properly joined and served before the non-forum defendant properly removes the action by completing all the requirements necessary to effectuate removal, then removal is still precluded based on diversity of citizenship. Hardman v. Bristol-Myers Squibb Co., 2019 WL 1714600, at *4 (S.D.N.Y. Apr. 17, 2019). Here, Medtronic provided both a notice of filing for removal to the state court and a certificate of service to Kisner's counsel, which constituted notice to Kisner, on June 11, 2021. ECF Nos. 1-4, 1-5. Thus, Medtronic provided sufficient notice of removal before Dardozzi was properly served on June 22, 2021. The court therefore finds that defendants complied with § 1446 in effectuating removal.

As an additional matter, Wensil and related authorities only confronted whether a case could be removed in the first instance, and not whether the case could later be remanded for lack of subject matter jurisdiction. "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28

U.S.C. § 1447(e). Indeed, courts are frequently confronted with (and grant) motions to remand when a non-forum defendant is properly joined. E.g., Harrell v. Pineland Plantation, Ltd., 914 F. Supp. 119, 121 (D.S.C. 1996). The issue therefore turns on whether Dardozzi was properly joined subsequent to Kiser's removal of the action. As in a case originally filed in federal court, the plaintiff in a removed action must serve a summons and complaint on a previously un-served defendant. See Fed. R. Civ. P. 4(c)(1). Here, Kisner's June 22, 2021 affidavit of service reflects service of process for the Charleston County Court of Common Pleas. ECF No. 10-1. While the court is not inclined to provide Kisner with the benefit of doubt that this was intended to provide service in federal court, there is a split in authority as to whether a plaintiff may "complete" service upon a defendant after a case is removed to federal court by serving state court documents. Minter v. Showcase Sys., Inc., 641 F. Supp. 2d 597, 600–01 (S.D. Miss. 2009). Ultimately, many courts, including several within the Fourth Circuit, find that a plaintiff may complete service with state process. Id. at 601 (citing Carden v. Wal-Mart Stores, Inc., 574 F. Supp. 2d 582, 587–88 (S.D. W. Va. 2008)). Therefore, Kisner's service of state court documents on Dardozzi does not render that service ineffective for purposes of this federal action. Section 1441(b)(2) allows for removal if only non-forum defendants have been served but does not compel the case to remain in federal court if a forum defendant, like Dardozzi, is later properly joined. The court does not find that Dardozzi was improperly joined, and the motion to remand thereby defeated, based on any defect in service of process. Therefore, the court moves to defendants' second argument regarding improper joinder—the doctrine of fraudulent joinder.

### 2. Fraudulent Joinder

Fraudulent joinder is typically presented as a basis for removal. Since the court has already found that this case was properly removed, the primary issue is whether to permit joinder of Dardozzi under § 1447(e). The Fourth Circuit held that the doctrine of fraudulent joinder "does not directly apply after removal because the district court already possesses jurisdiction." Mayes v. Rapoport, 198 F.3d 457, 463 (4th Cir. 1999). However, in that same decision, the Fourth Circuit also held that since defendants continue to hold the "heavy burden" of proof, fraudulent joinder "should be a factor—and perhaps the dispositive factor" for whether a plaintiff may join a nondiverse defendant. Id. Therefore, like the Fourth Circuit agreed to do in Mayes, the court will consider defendants' argument of fraudulent joinder here.

To establish fraudulent joinder of a non-diverse defendant, the removing party must establish either that "there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or [t]hat there has been outright fraud in the plaintiff's pleading of jurisdictional facts." Id. at 464 (quoting Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993)) (alteration in original). "The burden on the defendant claiming fraudulent joinder is heavy: the defendant must show that the plaintiff cannot establish a claim against the non-diverse defendant even after resolving all issues of fact and law in the plaintiff's favor." Id. (quoting Marshall, 6 F.3d at 232–33). "This standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Hartley v. CSX Transp., Inc., 187 F.3d 422, 424 (4th Cir. 1999) (citation omitted). "[T]here need be only a slight possibility of a right to relief. Once the court identifies this glimmer of hope for

the plaintiff, the jurisdictional inquiry ends." Id. at 426 (citation omitted).  In sum, "fraudulent joinder claims are subject to a rather black-and-white analysis in this circuit.  Any shades of gray in the record are resolved in favor of remand." Byrd v. Progress Energy Serv. Co., LLC, 2010 WL 11640232, at *4 (D.S.C. Mar. 1, 2010).

Because the parties do not dispute whether the amount in controversy exceeds $75,000, the only issue before the court is whether there is complete diversity between the parties.  A civil case that is otherwise removable solely on the basis of diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).  Here, the complaint names Dardozzi as a defendant and alleges that Dardozzi is a "citizen and resident of Charleston County, South Carolina." Compl. ¶ 3.  Defendants argue that Kisner fraudulently joined Dardozzi for the purpose of defeating diversity jurisdiction.  ECF No. 1 ¶ 12.  Since Dardozzi is the only non-diverse defendant named in the complaint, if the court finds that Dardozzi were not properly joined, complete diversity would be defeated.

Defendants argue that Kisner cannot maintain a products liability action against Dardozzi as a matter of law, and accordingly, the court should find that Dardozzi was fraudulently joined.  Defendants argue that Dardozzi did not owe Kisner a legal duty, and, even if he did, Kisner failed to identify any evidence of breach or causation. Id. ¶¶ 18–19.  Defendants further argue that Dardozzi is "a sale representative" who had no control over the manufacture or design of the equipment that allegedly injured Kisner. Id. ¶ 20.  Defendants cite two cases to support their position: Williams v. Preiss-Wal Pat III, LLC, 17 F. Supp. 3d 528 (D.S.C. 2014), and Gardner v. Foremost Ins. Co., 2010 WL

4608818 (D.S.C. Nov. 3, 2010). ECF. No. 1 ¶ 16. In each case, however, the court dismissed the defendant because the "complaint [wa]s almost completely devoid of substantive allegations against" the defendant alleged to have been fraudulently joined. E.g., Williams, 17 F. Supp. 3d at 534. Here, Kisner did more than "lump[] the defendants together." See Gardner, 2010 WL 4608818, at *2. Kisner alleges some facts specifically indicating Dardozzi's role in the injury to Kisner. Kisner also pleads facts that could possibly support a claim against Dardozzi for products liability in state court.

Under South Carolina law, a seller who "sells any product in a defective condition unreasonably dangerous to the user" is liable if "(a) the seller is engaged in the business of selling such a product, and (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold." S.C. Code Ann. § 15-73-10(1). In Hudson v. New Idea Corp., the court was confronted with the issue of whether auctioneers are considered "sellers" under the statute, and it determined the issue to be unsettled. 2016 WL 1693306, at *4 (D.S.C. Apr. 28, 2016). The court cited to a case in another district that granted a motion to remand after finding that it was unclear, as a matter of state law, whether a sales representative was a "seller" under a theory of strict products liability, even though other state jurisdictions had concluded that sales representatives could not be sellers. Id. (citing Moore v. Medtronic, Inc., 2006 WL 1795861, at *3 (D. Nev. 2006)). The court similarly does not find the definition of "seller" to be well-settled law in South Carolina.[3] Defendants plainly concede that

---

[3] The court has not identified a case discussing whether sales representatives are sellers under South Carolina law. As a sign of further uncertainty, courts in this district have found that health care providers are not sellers and are relieved of strict products liability, Duckett v. SCP 2006-C23-202, LLC, 225 F. Supp. 3d 432, 435–36 (D.S.C. 2015), while independent contractors are sellers because "they assist[] in passing the

9

Dardozzi is a sales representative. ECF No. 1 ¶ 20. While defendants contend that Dardozzi simply prepares invoices to the medical service providers, it is unclear whether that would be enough to make him a "seller" under South Carolina law. Therefore, Dardozzi's role, as pled, provides a glimmer of hope that a state court may find he is appropriately named as a defendant. Like the Hudson court, the court finds here that "the likelihood, as high as it may be" that South Carolina would find a sales representative—especially one as uninvolved as Dardozzi—is not a seller "is not the standard by which this court is to review a motion to remand." Hudson, 2016 WL 1693306, at *4. As such, this court will neither predict how the state court would define a "seller" nor "fashion a legal theory" on the law. See id.

Additionally, when determining whether attempted joinder is fraudulent, the court may . . . consider the entire record, and determine the basis of joinder by any means available." Mayes, 198 F.3d at 464 (internal citation and quotation omitted). Kisner argues that the court may not consider exhibits outside the complaint as it typically may not do so for Rule 12(b)(6) motions, and the threshold for proving fraudulent joinder is even higher than that on a motion to dismiss. ECF No. 13 at 1–2. Kisner's argument ignores the relevant legal authority, which have underscored the importance of determining a fraudulent joinder allegation with "complete certainty." Dodd v. Fawcett Pubs., Inc., 329 F.2d 82, 85 (10th Cir. 1964). As such, a review of Dardozzi's affidavit is relevant to the court's determination. The affidavit reveals that Dardozzi was an interventional therapy consultant who also provided technical support for the Kyphon

---

[product] through the stream of commerce and received a monetary benefit for doing so," Funchess v. Blitz U.S.A., Inc., 2010 WL 4780357 (D.S.C. Nov. 16, 2010).

10

Device.  ECF No. 11 at 4.  However, Dardozzi stated he did not perform any maintenance on the Kyphon Device, including maintenance of the Kyphon Device used during Kisner's surgery.  ECF No. 11-1, Dardozzi Aff. ¶ 4.  In the affidavit, Dardozzi further testified that his other responsibilities include filling out a form to Medtronic Sofamor Danek—a Medtronic subsidiary and Dardozzi's employer—regarding what products were used during a procedure and creating an invoice for the customer.  ECF No. 11; Dardozzi Aff. ¶¶ 5–6.  Kisner provided no additional evidence, such as evidence of Dardozzi's involvement in the sale of the Kyphon Device to MUSC.

　　Nevertheless, these facts do not extinguish Kisner's claim against Dardozzi such that it results in fraudulent joinder.  In fact, the affidavit also reveals some evidence, especially if resolved in Kisner's favor, that supports remand of the case.  First, Dardozzi provided technical support for the Kyphon Device.  Dardozzi Aff. ¶ 3.  Although defendants argue that this technical support was not directly linked to the Kyphon Device, which is a single-use device, it is not certain how a state court will resolve this issue.  Second, Dardozzi's responsibilities also include "deliver[ing] the ordered product as requested for medical procedures."  Dardozzi Aff. ¶ 5.  Recognizing the high threshold for finding fraudulent joinder, and that any "shades of gray" must be construed as weighing in favor of remand, the court finds that these facts leave the possibility that a state court would not dismiss the claims against Dardozzi.  See Byrd v. Progress Energy Serv. Co., LLC, 2010 WL 11640232, at *4.  Ultimately, even if the court believes the evidence weighs in favor of a finding that Dardozzi did not play a role in the design or sale of the product, the pleadings are indefinite enough to provide Kisner a glimmer of

11

hope of success on its product liability claim against Dardozzi, which is enough to find that Dardozzi was not fraudulently joined.

In sum, the court finds that defendants properly removed this case to this court. The court further finds that Kisner is entitled to remand the case for lack of subject matter jurisdiction because he joined an in-state defendant—Dardozzi—and Dardozzi was not fraudulently joined because there is a possibility Kisner will be able to establish a cause of action against Dardozzi in state court.  Dardozzi was properly joined in the lawsuit, and his joinder defeats diversity.  Therefore, this case should be remanded to the Charleston County Court of Common Pleas to allow the state court to answer the above-referenced unsettled issues as to who or what constitutes a "seller" under South Carolina law.

During the hearing, Kisner's counsel acknowledged that if the state court dismisses Dardozzi, the case once again becomes removable.  Just as the court applied a glimmer of hope standard here, there is a glimmer of hope for defendants that if the state court dismisses Dardozzi, this case will probably find its way to federal court again.

### B.  Motion to Dismiss

As discussed earlier, remanding the case moots the defendants' motions to dismiss.  As such, the court need not further address them.

## IV.   CONCLUSION

For the reasons set forth above, the court **GRANTS** Kisner's motion to remand.

**AND IT IS SO ORDERED.**

_____

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**October 7, 2021**
**Charleston, South Carolina**